Dear Mr. Minvielle:
You have requested an opinion from this office with regard to whether:
 1. A person is barred from serving on the New Iberia Municipal Government Employees Civil Service Board, if he has been a candidate for nomination or election to any public office within the immediately preceding four years; and
 2. The member appointed by the employees of the Department of Public Works and Park and Recreation Department can hold a position of public employment.
Act 399 of 1966 creates and establishes a system of classified civil service for municipal employees of New Iberia. Section 2 (A) of the Act provides, in pertinent part, as follows:
No member of the Board shall have been, during a period of four (4) years immediately preceding his appointment, or during his tenure, a member of any Local, State, or National Committee of a Political Party, or an officer or member of a committee in any factional or political club or organization. No member of the Board shall be a candidate for nomination or election to any public office or hold any other public office or position of Public Employment, except that of Notary Public, Military Officer or Member of the Faculty of any Educational Institution.
The Act only prohibits the appointment to the Board of persons who have, within the immediate four years, been a member of "any Local, State, or National Committee of a Political Party, or an officer or member of a committee in any factional or political club or organization." The Act then prohibits current members of the Board from being a candidate for nomination or election to any public office. Thus, it is the opinion of this office that a person who has been a candidate for nomination or election to any public office within the immediately preceding four years may be appointed as a member of the Board.
With certain stated exceptions, of which a city employee is not one, Section 2 (A) prohibits a Board member from holding a position of public employment. While an employee representative of a Civil Service Board is often a public employee, Act 399 of 1966 specifically prohibits any Board member from holding public employment. Had the legislature wished to provide otherwise, they could have done so by exempting the Department member from the broad prohibition. The legislature chose not to do this.
Therefore, it is the opinion of this office that the Board member appointed by the employees of the Department of Public Works and Park and Recreation Department cannot hold a position of public employment, and thus cannot be a city employee.
Trusting this to be sufficient for your purposes, I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: NORMAN W. ERSHLER Assistant Attorney General
RPI/NWE:pb-0633l